# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS - 6

## CIVIL MINUTES - GENERAL

O

Case No. SACV 10-1052 DOC (RNBx)                    Date: June 21, 2011

Title: HAROLD HANEY, ET AL. v. CAL-WESTERN RECONVEYANCE CORP, ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

|  Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                    NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING DEFENDANT CAL-WESTERN
                          RECONVEYANCE CORP.'S MOTION TO DISMISS

        Before the Court is a Motion to Dismiss Plaintiff's Third Amended Complaint filed by Defendant Cal-Western Reconveyance Corp. ("Moving Defendant") in the above-captioned case ("Motion to Dismiss") (Docket 75). After considering the moving, opposing and replying papers, and for the reasons explained below, the Court GRANTS the Motion to Dismiss.

## I.    BACKGROUND

        Significant portions of Plaintiff's Third Amended Complaint ("TAC") are unclear. As such, many of the relevant facts in this case have not been sufficiently elucidated. It appears, however, that Plaintiffs seek money damages as a result of Moving Defendant's alleged credit reporting violations, as well as injunctive relief to prevent the purported foreclosure sale of real property located at 9 Seadrift, Irvine, California 92064 ("Property"). Moving Defendant brings the instant Motion to Dismiss.

## II.    LEGAL STANDARD

        Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in

support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950.

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.    DISCUSSION

Plaintiffs assert four claims against Moving Defendant. Specifically, Plaintiffs allege (1) a violation of the Fair Debt Collection Practices Act ("FDCPA"), (2) a violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), (3) one claim for mail fraud and (4) and one claim titled "minimum damages." The Court addresses each cause of action in turn.

### a.    Fair Debt Collection Practices Act

To assert a claim under the Fair Debt Collection Practices Act ("FDCPA"), a plaintiff must make certain threshold allegations concerning both a defendant's status as a debt collector, under the specific legal definition of the term articulated under the FDCPA, and regarding a defendant's debt collecting activities. *See* 15 U.S.C. § 1692. These threshold requirements are not satisfied by asserting a bare legal conclusion. Rather, some factual allegations are necessary. *Ashcroft*, 129 S. Ct. at 1950. In the TAC, Plaintiffs offer only a conclusory statement that "[Moving Defendant] is a 3rd party debt collector," and that "Defendant claimed that Plaintiff owe[d] an alleged debt." TAC, ¶ 26. Plaintiffs do not allege any supporting facts for their claim that Moving Defendant is a third party debt collector. With respect to the conclusory allegations concerning Moving Defendant's attempt to collect on an

alleged account, Plaintiffs fail to assert the nature of the debt or account, its status or source.  Plaintiffs also fail to advance any facts regarding Moving Defendant's purported collection activities.

Moving Defendant's Motion to Dismiss is thus GRANTED with respect to Plaintiff's claim under the FDCPA.  This claim is DISMISSED WITH PREJUDICE.[1]

### b.    Rosenthal Fair Debt Collection Practices Act

The Rosenthal Fair Debt Collection Practices Act ("RFDCPA") is a California statute that largely tracks the federal FDCPA.  In their sixth claim for relief, Plaintiffs assert that Moving Defendant violated Section § 1788.17 of the RFDCPA.  TAC, ¶ 42.  Section § 1788.17 of the RFDCPA specifically incorporates the federal FDCPA provisions into the RFDCPA, establishing that a violation of the federal statute also constitutes a violation of the federal statute.  As explained above, Plaintiffs fail to state a viable claim for relief under the FDCPA.  Given this, there can be no violation of the RFDCPA's provision incorporating the FDCPA.

Accordingly, Moving Defendant's Motion to Dismiss is GRANTED with respect to Plaintiffs' claim under the RFDCPA.  This claim is DISMISSED WITH PREJUDICE.[2]

### c.    "Mailing Fraudulent and Deceitful Documents"

Plaintiffs further assert a cause of action against Moving Defendant under 18 U.S.C. § 1341.  Section 1341 is a criminal, not civil, statute; it confers no private right of action.  *Watkins v. Proulx*, 235 Fed. Appx. 678, 679 (9th Cir. 2007); *Wilcox v. First Interstate Bank, N.A.,* 815 F.2d 522, 533 n.1 (9th Cir. 1987); *Wenzoski v. Citicorp*, 480 F. Supp. 1056, 1062 (N.D. Cal. 1979).  Plaintiffs

---

[1]Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  In this case, prior to filing the TAC, Plaintiffs received specific instruction regarding the deficiencies in their pleadings.  Plaintiffs nonetheless failed to rectify these deficiencies.  The Court concludes that further amendment would prove futile and would serve only to waste time.

[2]Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment.  *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  In this case, prior to filing the TAC, Plaintiffs received specific instruction regarding the deficiencies in their pleadings.  Plaintiffs nonetheless failed to rectify these deficiencies.  The Court concludes that further amendment would prove futile and would serve only to waste time.

may not assert liability on the basis of this statute.

Moving Defendant's Motion to Dismiss is GRANTED with respect to Plaintiffs' claim under 18 U.S.C. § 1341. This claim is DISMISSED WITH PREJUDICE.[3]

### d. "Minimum Damages"

Plaintiffs' final cause of action against Moving Defendant merely states that "Plaintiffs are seeking the minimum allowable amount of $500,000.00 as allowed and described in Section 1681, 15 U.S.C. 1681(p)." TAC, ¶ 48. This claim is nonsensical. There is no law located at 15 U.S.C. § 1681(p), and 15 U.S.C. 1681p, a closely related citation, merely confers jurisdiction and sets forth limitations of actions. It may not be used as the basis of a claim for relief.

Defendants' Motion to Dismiss is GRANTED with respect to this claim. This claim is DISMISSED WITH PREJUDICE.[4]

## IV. DISPOSITION

For the reasons discussed above, Moving Defendant's Motion to Dismiss is GRANTED in full. Plaintiffs' claims against Moving Defendant are DISMISSED WITH PREJUDICE.

The Clerk shall serve this minute order on all parties to the action.

---

[3]Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). No amount of amendment can turn a criminal statute into a civil statute conferring a private right of action.

[4]Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). No amount of amendment can rescue this nonsensical claim.